**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DION GAINES, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| COOK COUNTY OF ILLINOIS, a body | ) | |
| Politic, and THOMAS DART, Sheriff of | ) | |
| Cook County, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff Dion Gaines (herein "Plaintiff"), through his attorneys Barlow, Kobata & Denis LLP, for his Complaint against the Sheriff of Cook County and states as follows:

**I.      NATURE OF THE CASE**

1.      This lawsuit arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*, and involves willful violations of the FMLA, the interference with Plaintiff's FMLA rights, discrimination against him because he took FMLA leave, and retaliatory action for his taking FMLA.

**II.      JURISDICTION AND VENUE**

2.      Federal jurisdiction arises over the subject matter of this Complaint pursuant to the FMLA, 29 U.S.C. §2601, and federal question jurisdiction, 28 U.S.C. §1331.

3.      Pursuant to 28 U.S.C. §1391 venue lies in the Northern District of Illinois in that Defendant is engaged in business in this District, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

1

III.    PARTIES

4.      Plaintiff Dion Gaines has been an employee of Defendant since March 21, 2005. Plaintiff works for the Defendant at the Department of Corrections at 26th and California in Chicago, Illinois.

5.      In 2015 and 2016 Defendants have continuously been and are now an employer either engaged in interstate commerce or an activity affecting commerce, and were "employer[s]" within the meaning of the FMLA.

6.      Defendant Thomas Dart, Sheriff of Cook County ("Dart"), is directly liable as Plaintiff's employer for the violations of the FMLA as set forth herein below. Defendant Cook County, Illinois, a body politic, is not directly liable for any of the conduct herein described, but is the indemnor of Defendant Dart pursuant to 745 ILCS §5/9-102. As such, Defendant Cook County, Illinois, a body politic, is a necessary party to this lawsuit.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

7.      During 2015 and 2016 Plaintiff satisfactorily performed his job duties.

8.      In 2015 and 2016 Plaintiff was qualified to perform the essential functions of his job.

9.      In 2015 and 2016 Plaintiff was an employee subject to the protections of the FMLA, and Defendant was an employer subject to the FMLA, 29 U.S.C. §2601.

10.     In 2015 and 2016 Plaintiff was an employee of the Defendant within the meaning of the FMLA and eligible to receive FMLA benefits.

11.     Plaintiff has signed a Consent to Become a Party Plaintiff under the FMLA, a copy of which is attached as Exhibit A.

12.     In 2015 and 2016 the Plaintiff applied for taking FMLA leave to care for his wife who was diagnosed with epilepsy, the Plaintiff satisfied the FMLA requirements for taking FMLA intermittent leave to care for his wife, and the Defendant approved the Plaintiff to take intermittent FMLA leave.

13.     In 2015 and 2016 the Defendant knew that the FMLA prohibited it from interfering with an employee's attempt to exercise rights under the FMLA, discriminating against an employee for opposing a practice which is unlawful under the FMLA, and retaliating against an employee for exercising his FMLA rights.

14.     As of December 1, 2015 Plaintiff had more than 1,250 hours of service within the prior twelve months and had more than twelve months of service.

15.     Plaintiff met the qualifications for taking FMLA leave as of December 1, 2015.

16.     In 2015 the Plaintiff requested to take FMLA leave to care for his wife who was diagnosed with epilepsy, and Defendant designated his absences as an FMLA leave.

17.     Plaintiff took FMLA leave in December 2015 for FMLA covered reasons. On December 17, 2015, the Plaintiff signed and filled out a "Three Parts" absentee form, which at the top says "Cook County Sheriff's Office Timekeeping/Attendance Form," stating that he was, first, rescinding the designation of taking off on December 31, 2015 as a vacation day, and, second, changing his anticipated absence on December 31, 2015 to an unpaid FMLA absence. He submitted, signed, and submitted that "Three Parts" form to Lieutenant Collins on December 17, 2015, and Lieutenant Collins signed and approved his request to take off December 31, 2015 as an unpaid FMLA absence. That "Three Parts" form was then sent to Superintendent Arce, who, in turn, signed and approved the Plaintiff taking off December 31, 2015 as an unpaid FMLA absence. That "Three Parts" form has the words "FMLA/Unpaid" circled on the form,

and the signatures of the Plaintiff, Lieutenant Collins, and Superintendent Arce are legible on that Three Parts form.

18.     Defendant designated Plaintiff's absence for December 31, 2015 as FMLA qualifying leave, and Plaintiff's December 31, 2015 was approved by the Defendant.

19.     In December 2015 the Plaintiff provided care and psychological comfort to and for his wife, and he was absent on December 31, 2015 while he provided care and psychological comfort to and for his wife.

20.     Plaintiff was absent on December 31, 2015 while providing care and psychological comfort to and for his wife.

21.     Plaintiff's wife had a serious health condition within the meaning of the FMLA.

22.     Defendant had enough information as of December 17, 2015 regarding the nature of Plaintiff's requested FMLA leave, the reasons for his FMLA leave, and the nature of his wife's medical condition to determine that Plaintiff had requested FMLA leave, and to designate his absence in December 2015 as a FMLA protected absence.

23.     Plaintiff took approved FMLA leave on December 31, 2015 to care for his wife, and Defendant designated Plaintiff's absence on December 31, 2015 to care for his wife as FMLA qualifying leave.

24.     Prior to December 17, 2015 Defendant had approved Plaintiff taking FMLA leave to care for his wife on an intermittent basis.

25.     Every two years, the Sheriff's Merit Board conducts testing to qualify candidates for promotion to Sergeant.

26.     Prior to December 2015 the Plaintiff on four occasions had sought promotion to sergeant and on each of those prior four occasions the Plaintiff passed the test for promotion to Sergeant.

27.     Prior to December 2015 on the four occasions when he passed the test for promotion to Sergeant, the Plaintiff was interviewed and not selected for promotion. On each of those latter four occasions the Plaintiff asked for the reason he was not selected. On each of the four occasions he asked for the reason he was not selected, the Defendant refused to give him a reason and he was not given a reason why he was not selected for promotion.

28.     In December 2015, the Plaintiff took and passed the test for promotion to Sergeant for the fifth time.

29.     In a letter dated July 16, 2016 from Sharon Little, Deputy Director of HR for the Cook County Sheriff's Office, the Plaintiff was given a "Notification of Disqualification" stating that the Plaintiff was disqualified from the promotional process for the position of Sergeant with the Cook County Sheriff's Department of Corrections due to failure to meet the "Attendance" requirements. That July 16, 2016 letter also stated that "If you wish to dispute disqualification or discipline for attendance or discipline, you must contact Mr. Robert Egan at (312) 60304380 within seven (7) days of receipt of this letter."

30.     The Plaintiff contacted Mr. Robert Egan to dispute his disqualification within seven days of the Plaintiff's receipt of the July 16, 2016 letter, and the Plaintiff disputed his disqualification in a timely manner within seven (7) days of his receipt of the Defendant's July 16, 2016 Notification of Disqualification.

31.    In July 2016 Mr. Egan and the Plaintiff discussed the attendance disqualification upon which the Defendant based its Notification of Disqualification. During their July 2016 discussion and conversation:

a.  Mr. Egan told the Plaintiff that the Plaintiff was disqualified from the promotional process from the position of Sergeant because he had incurred two unauthorized absences within the period under review;

b.  Mr. Egan told the Plaintiff that one of those two unauthorized absences involved an unauthorized absence on December 31, 2015;

c.  Mr. Egan told the Plaintiff that the Plaintiff was disqualified from the promotional process for the position of Sergeant because his December 31, 2015 absence involved an unauthorized vacation absence;

d.  The Plaintiff told Mr. Egan that he had submitted a "Three Parts" form stating that the his absence on December 31, 2015 was to be designated as an unpaid FMLA absence, that his superiors had signed off and approved that FMLA absence for December 31, 2015, and that Mr. Egan was relying on false and faulty information;

e.  The Plaintiff told Mr. Egan that his December 31, 2015 absence was taken based on the Plaintiff's prior authorization to take FMLA intermittent leave;

f.  Mr. Egan told the Plaintiff that the Plaintiff should send him documentation confirming that the December 31, 2015 absence coding was in error and that the Plaintiff had been absent that day because of FMLA reasons; and

g.  Mr. Egan told the Plaintiff that, if the Plaintiff sent him documentation confirming that the December 31, 2015 absence coding was in error and that the Plaintiff had

been absent that day because of FMLA reasons, Mr. Egan would remove the attendance disqualification.

32.     The Plaintiff's absence on December 31, 2015 was an authorized and approved FMLA leave, and the Plaintiff was absent on December 31, 2015 as part of the Plaintiff taking intermittent FMLA leave that had been previously authorized and approved by the Defendant, and was again approved by the Defendant on December 17, 2015 as indicated by the approvals and signatures of Lieutenant Collins and Superintendent Arce.

33.     In July 2016 the Defendant was aware that Plaintiff was absent on December 31, 2015 as part of the Plaintiff taking intermittent leave that had been authorized and approved by the Defendant.

34.     The Defendant treated the Plaintiff's absence on December 31, 2015 as an authorized and approved FMLA leave of absence.

35.     On July 16, 2016 the Plaintiff sent to Mr. Egan a Cook County Sheriff's Office Timekeeping/Attendance Form stating that the "DATE SUBMITTED" was "17 Dec 15", stating that the absence date was December 31, 2015, stating that the requested time was "FMLA/Unpaid," and showing a signature on the "Supervisor Signature" line.

36.     After July 16, 2016 the Defendant had knowledge that the Plaintiff's absence on December 31, 2015 was an authorized and approved FMLA leave of absence.

37.     The Plaintiff's absence on December 31, 2015 involved an FMLA protected leave of absence, and at least since July 16, 2016 Mr. Egan and the Defendant have been aware that the Plaintiff's absence on December 31, 2015 involved an FMLA protected leave of absence.

38.     In an email dated July 18, 2016 from Mr. Egan to the Plaintiff, with a cc: to Sharon Little (Sheriff), Mr. Egan acknowledged that he had received "copies of your two (2)

three part forms concerning your absence on December 31, 2015." Mr. Egan also stated in his July 18, 2016 email that "For you to claim FMLA two weeks ahead of time, you would have had to submit some documentation supporting your request for anticipated FMLA. Please forward that documentation to me if you still have it."

39.     In an email that the Plaintiff sent to Mr. Egan on July 19, 2016, the Plaintiff stated that he had asked "for a Pre Approved/Pre Planned FMLA day since my FMLA is to be used as an intermittent basis for my wife," that he had "consulted with my Supervisor and he approved the day since he figure it would not disrupt the department daily operations," and the Plaintiff asked "if there is anything else I can do to resolve this matter as soon as possible."

40.     On July 20, 2016 Mr. Egan sent an email to the Plaintiff that stated "I obtained the Daily Attendance Sheet for your shift in Division IX for Thursday, December 31. Your status on that day was carried as 'Vacation' for the entire shift. An unauthorized day for that day is one of two that formed the basis for your disqualification. There is no mention of FMLA for that day. With no other documentation saying otherwise, I cannot change your 'disqualified' status for the3 DOC Sergeants Promotion process."

41.     On July 27, 2016 the Plaintiff sent an email to Mr. Egan that stated "Hope this documentation will be enough of the info you will need to clear up any confusion concerning my Duty Status for the day in question. Hopefully now my disqualification from the DOC Sergeants list can be change to qualify so I can continue in my pursuit for advancement inside of the COOK COUNTY DEPARTMENT OF CORRECTIONS."

42.     Attached to the Plaintiff's July 27, 2016 email to Mr. Egan was a document with: (a) the title "SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS PERSONNEL DEPARTMENT Memorandum; (b) which was dated July 26, 2016; (c) which was from the

""Superintendents Office, Division IX;" (d) which was directed to the "Cook County Sheriff's Payroll Department;" (e) which stated "SUBJECT: Attendance Sheet Coding Error Correction;" and (f) which stated that for the Plaintiff Mr. Gaines "Please correct the following error on the Attendance Time Sheet dated: December 31, 2015," "From (incorrect code): Vacation Day," "To (correct code): FMLA/Unpaid."

43.     Upon receiving the attachment which the Plaintiff sent to Mr. Egan on July 27, 2016 and which had the title "SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS PERSONNEL DEPARTMENT Memorandum" Mr. Egan and the Defendant were aware that: (a) the Cook County Sheriff's Payroll Department had made a coding error regarding the Plaintiff's Attendance Sheet regarding the Plaintiff's absence on December 31, 2015; (b) the Sheriff's Office of Cook County, Illinois Personnel Department, had requested the Cook County's Sheriff's Payroll Department to correct that coding error; and (c) that the incorrect code was "Vacation Day" and that the correct code was "FMLA/Unpaid."

44.     In a July 28, 2016 email Mr. Egan stated "This document was created two (2) days ago. If it had be (sic) created fairly contemporaneously with the December 31, 2015 date in question, it might support your position. It does not change the fact that that day was carried as 'vacation' on your time record. I must continue to affirm your disqualified status."

45.     In a July 28, 2016 email to Mr. Egan, the Plaintiff stated: "I was carried as a vacation day on December 31, 2015 as an error. Which I have shown to my supervisory and they agreed that it was an error so the error was corrected. You have ask for any documentation to support this error I have presented to you. WHAT OTHER DOCUMENTATION IS NEEDED TO rectify this issue."

46. After not receiving a response from Mr. Egan to the Plaintiff's July 28, 2016 email, in an August 2, 2016 email from the Plaintiff to Mr. Egan the Plaintiff repeated the same statements he had made in his earlier July 28, 2016 email.

47. On August 2, 2016 the Plaintiff sent an email to Tammy Leal stating "I'm not sure on how update you are with my situation but I was disqualified for the up coming Sergeant promotions due to an error on my time card. The error has since been corrected but I'm still be (sic) held disqualified I'm wanting to know why and is there anything else can I do to rectify this issue. I was carried as a vacation day on December 31 205 as an error. Which I have shown to my supervisory and they agreed that it was an error so the error was corrected. You have ask (sic) for any documentation to support this error I have presented to you. WHAT OTHER DOCUMENTATION IS NEEDED TO RECTIFY this issue."

48. On August 2, 2016 Tammy Leal sent an email to the Plaintiff, with a cc: to Mr. Egan, which stated "Ofc. Gaines, I will forward your email for a proper response, however both parties are off for a few days, so please be patient. Good luck."

49. On August 9, 2016 the Plaintiff sent Mr. Egan an email stating, in part, "I did everything in my power to correct the situation which I did. But you still say I'm disqualified ONCE AGAIN MY QUESTION IS WHY AND WHAT ELSE NEEDED TO BE DONE TO RECTIFIED THIS."

50. On August 12, 2016 Mr. Egan sent the Plaintiff which stated "All I can really do at this point is to refer you back to my July 28 email to you wherein I explained my reasoning for affirming your disqualification. As much as you might disagree with that decision, nothing has changed since that email, and I therefore continue to affirm your disqualification."

10

51.     Despite the Plaintiff repeatedly providing the Defendant and Mr. Egan documentation demonstrating that his absent on December 31, 2015 was a FMLA protected leave of absence, the Defendant and Mr. Egan refused to correct their records, have persisted in disqualifying the Plaintiff from being promoted to the position of Sergeant, and have interfered with the Plaintiff's exercise of his FMLA rights. The Defendant has also discriminated against the Plaintiff because of his assertion and exercise of FMLA rights. Other employees who were similarly situated, and who did not assert or exercise FMLA rights were treated in a more favorable fashion than the Plaintiff.

52.     The Defendant violated the FMLA by using the Plaintiff's taking of FMLA leave on December 31, 2015 as a disqualifying factor and/or counting the Plaintiff's taking of FMLA leave on December 31, 2015 against the Plaintiff, and in denying the Plaintiff a promotion to the position of Sergeant.

53.     The Plaintiff complained to Defendant and Mr. Egan about the unlawful manner how his FMLA leave was interfered with

54.     As a result of Plaintiff's complaints, the Defendant and Mr. Egan have used false and illegal reasons for taking adverse action against the Plaintiff, including disqualifying him from promotion to Sergeant and retaliating against the Plaintiff for his exercise of his FMLA rights. The actions by the Defendant and Mr. Egan have had a chilling effect on the Plaintiff and adversely affected his exercise of his FMLA rights.

55.     Plaintiff's FMLA rights were interfered with, he was discriminated against, and he was retaliated against for complaining about Defendant's violations of the FMLA.

56.     The reasons offered by Defendant for denying the Plaintiff a promotion to Sergeant were untrue and were a pretext for retaliation.

11

57. Defendant's actions have damaged the Plaintiff, and Plaintiff has suffered and will continue to suffer the loss of wages, benefits, and other damages in violation of the FMLA. The Plaintiff has also incurred money losses and expenses in asserting and taking his FMLA.

58. Defendant willfully violated the FMLA by interfering with his FMLA rights, denying him a promotion, and retaliating and discriminating against him because of his exercise of his FMLA rights.

59. Defendant knew or showed reckless disregard for whether its conduct towards Plaintiff was prohibited by the FMLA.

60. The actions by Defendant were taken deliberately and intentionally with malice and reckless indifference to Plaintiff's civil rights.

61. The acts complained of were ratified, authorized, and permitted by Defendant and its managers and supervisors, including by Mr. Egan.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and requests that the Court:

a. Declare, decree, and adjudge that Defendant has violated the FMLA;

b. Grant an injunction against Defendant and its officers, agents, and managers from violating the FMLA, and protecting Plaintiff;

c. Enter appropriate injunctive relief against Defendant and its officers, agents, and managers to comply with the FMLA and refrain from interfering with his rights and protections under the FMLA and awarding the Plaintiff appropriate equitable relief, including ordering his prompt promotion to the Sergeant position;

d. Award Plaintiff backpay, frontpay, and other employment benefits he was denied or lost;

e.      Award Plaintiff liquidated damages;

f.      Award Plaintiff his reasonable attorneys' fees and costs; and

g.      Award such other, additional, and further relief as the Court deems appropriate under the circumstances, including nominal damages.

## JURY TRIAL DEMANDED

A jury trial is demanded on all counts which are triable by a jury.

Respectfully submitted,

Dated:  September 9, 2016      */s/ Marty Denis*
                                        Marty Denis
                                        Bethany Hilbert
                                        Barlow, Kobata & Denis LLP
                                        525 West Monroe St., Suite 2360
                                        Chicago, IL 60661
                                        (312) 648 – 5570(Tel)

                                        *Attorneys for Plaintiff*